Don S. Willner
DON S. WILLNER & ASSOCIATES, P.C.
621 S.W. Morrison, Suite 1415
Portland, Oregon 97205
Office 503.228.4000
Fax 503.273.8842

FILED'09 JUL 21 12:36USDC-ORP

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF OREGON

LOLITA BENNET, CASSANDRA CRETIAN,
CHARLES DIAHN, CHARLES FRAZIER
GILBERT NEVERS, HASSAN NOOR,
BARNABE SANTOS, on behalf of
themselves and others,

 Plaintiffs,

v.

JOB1USA, INC.,

 Defendant.

Case Number: CV'09-836--MO

**COMPLAINT FOR VIOLATION
OF THE FAIR LABOR STANDARDS
ACT AND OREGON WAGE AND HOUR
AND WAGE PAYMENT LAWS**
(JURY REQUEST)

COMES NOW Plaintiffs, by and through their counsel, DON S. WILLNER AND ASSOCIATES, PC (Don S. Willner), HERZFELD & PIOTROWSKI, LLP (James Piotrowski), and YOUTZ & VALDEZ, P.C. (Shane Youtz), and for their class action complaint against the above-named Defendant state:

### I. Nature of the Suit

1.  This is a class action suit under Rule 32 of the Federal Rules of Civil Procedure, as well as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) for failure to pay wages and overtime owed pursuant to the Fair Labor Standards Act as well as chapters 652 and 653 of Oregon Revised Statutes and regulations promulgated thereunder, and for breach of the duty



of good faith and fair dealing.

## II. Parties, Jurisdiction and Venue

2. Plaintiffs are individuals currently or previously employed by Defendant Job1USA, Inc.. Plaintiffs bring suit on behalf of themselves and on behalf of a class of individuals who are current or former employees of Job1USA, Inc. and were subjected to the violations outlined in this complaint.

3. Defendant Job1USA, Inc. ("Job1USA") is an Ohio corporation authorized to do business and doing business in the State of Oregon.

4. The District Court has jurisdiction founded upon 29 U.S.C. §216(b), and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the state law claims alleged herein. Because the acts and omissions giving rise to the claims set out herein occurred primarily within the State of Oregon, venue is appropriate in this District.

## III. Facts

5. Plaintiffs are or have been employed by Job1USA to perform work as security guards at various job sites in Oregon.

6. Job1USA hires individuals such as the Plaintiffs to work as security guards, regardless of whether those individuals are certified or licensed as security providers pursuant to O.R.S. §18.878 at the time of hiring. Job1USA provides or refers new hires to appropriate training as required by O.R.S. §18.878, and assists new hires in obtaining the certification required by that statute.

7. The Oregon Department of Public Safety Standards and Training charges a $50 fee for a two-year certification of a Private Security Professionals. In addition, it requires payment of a $50 fee for fingerprint card processing. In order to renew a certification, the Department charges a

$50 fee for a renewed 2-year certification.

8. Newly hired employees of Job1USA are informed that Job1USA will assist in obtaining or, in the case of previously certified or current employees whose certifications expire renewing a Private Security Professional certification, and that the cost of obtaining or renewing the certification will be deducted from the employee's paychecks. The amount deducted by Job1USA varies from employee to employee and is not the same amount that is actually paid by Job1USA to obtain certification or renewal. For example, Plaintiff Charles Diahn was required to pay Job1USA via payroll deduction the amount of $150 for renewal of his certification, Plaintiff Brian Fitch was charged, via payroll deduction, $150 for initial certification, while Plaintiffs Hassan and Frazier were charged $375 via payroll deduction for certification, and Plaintiff Bennett was charged $175 for renewal. On information and belief, all newly hired employees are charged amounts in excess of the actual certification fees by Job1USA.

9. The amounts deducted by Job1USA were in excess of any amount that could be deducted for the benefit of the employee.

10. While some Plaintiffs completed written authorization for the deductions for Private Security Professional certification fees, others did not.

11. Job1USA requires that its security guard employees, including Plaintiffs herein, pay for uniforms required by Job1USA. The amounts charged for uniforms are most often paid via payroll deduction. Upon termination of employment, Job1USA requires its employees to return the uniforms to Job1USA but does not reimburse the employees for the cost thereof. The amounts deducted for uniforms are thus not for the benefit of the employees.

12. Plaintiffs generally relieve other employees from their work posts and must meet with the employee they intend to relieve to determine the status of pending work projects and to receive

updates concerning incidents or special needs. The employee relieved must also attend this meeting. On a nearly daily basis, employees arrive at their posts late, forcing the on-duty employee to remain beyond the end of their scheduled shift. Job1USA frequently and regularly fails to pay employees for remaining beyond their scheduled shift, thus failing to pay overtime wages due.

13. During the period of the relevant statute of limitations defendant utilized a sign-in sheet to keep track of employees starting times and ending times. The sign-in sheets were not maintained accurately when they were filled out by agents of Job1USA, the hours recorded thereon were not accurately reflected in payroll records, and Job1USA consistently understated the number of hours actually worked by Plaintiffs and the members of the class they propose to represent.

14. Plaintiffs and the class members have not and some of them continue to not to be paid for all of their time worked, regardless of whether that time is recorded on sign-in sheets. Plaintiffs repeatedly pointed out errors in the payroll records, and repeatedly requested that they be paid for overtime actually worked. Despite these requests, Job1USA failed to pay for many of the hours worked.

15. Defendants' payroll systems and employment policies and practices were uniformly applied to all employees in the State of Oregon. As a result, class treatment under FRCP 32 of the state law claims raised herein, and a notice of action pursuant to 29 USC 216(b) as to the Fair Labor Standards Act claims raised herein is appropriate. The case raises common issues of law and fact as to the class members including:

    a. Whether Defendant maintained accurate records of hours worked by its Oregon employees;

    b. Whether Defendant charged employees, via payroll deduction, amounts in excess of those that were genuinely for the benefit of the employee;

      c. Whether Defendant withheld amounts from wages owed without obtaining signed authorization to do so from the employee and as required by the laws of the State of Oregon;

      d. Whether Defendant failed to pay the members of the class for all hours worked in one or more workweeks within the relevant statute of limitations;

      e. Whether the claims raised herein are commenced within the period of the relevant statute of limitations;

      f. Whether Defendant's failure to pay all wages earned was willful;

      g. Whether Defendant is liable to the members of the class for penalty wages pursuant to statute.

16.   The proposed class consists of dozens of employees and former employees of Defendant and, as a result, joinder of all members is impracticable.

17.   The claims of the representative parties are typical of the claims of the class. The representative parties will fully and adequately litigate the claims of the class, and have retained counsel uniquely qualified to do so. A class action is a superior method of adjudicating the claims in this case because the claims of individual class members are small, there are numerous common questions, and individual adjudication would be inefficient and present a risk of imposing varying standards of conduct on the parties.

18.   More than 30 days prior to the commencement of this action, the class representatives, through counsel, provided Defendant with notice of the claims alleged via registered mail. Defendants have so far refused or failed to correct the alleged wrong.

### FIRST CLAIM FOR RELIEF

(Fair Labor Standards Act; 29 USC 216(b))

19.   Plaintiffs reallege all previous paragraphs is if set forth herein.

Complaint -5

20. Defendant failed to pay Plaintiffs and the members of the class for hours worked in excess of 40 per week during some or all workweeks within the relevant limitations period. Defendant failed to pay Plaintiffs and the members of the class at one-and-one-half times their regular hourly rate for hours worked in excess of 40 per week during some or all workweeks within the relevant limitations period.

21. As a result of the foregoing, Plaintiffs and the class members are entitled to payment of unpaid wages owed, liquidated damages, plus plaintiffs' costs, disbursements, and attorneys fees.

## SECOND CLAIM FOR RELIEF

(Minimum Wage and Overtime Claim; ORS 652.120, 653.025, OAR 839-020-0010)

22. Plaintiffs reallege all previous paragraphs is if set forth herein.

23. ORS 653.025 provides that no employer shall employ any employee at wages below the designated minimum wage.

24. OAR 839-020-0010 provides that employees shall be paid no less than the applicable minimum wage for all hours worked, which includes "work time" as defined in ORS 653.010(12).

25. ORS 652.120 provides that employees must be paid all wages due to them on their regular paydays, including hours over 40 at the overtime rate of 1.5 times the regular rate. OAR 839-020-0012 also requires that Defendant provide accurate wage statements to its employees.

26. Defendants have violated each of these requirements, resulting in damages to the Plaintiffs and the class members in the form of lost wages.

## THIRD CLAIM FOR RELIEF

(Wage Penalty Under ORS 653.055)

27. Plaintiffs reallege all previous paragraphs is if set forth herein.

28. Defendant's payment to plaintiffs of less than the wages to which they are entitled

under ORS 653.025 entitles plaintiffs to payment of penalty wages from Defendants pursuant to ORS 653.055(1)(b), plus plaintiffs' costs, disbursements, and attorneys fees pursuant to ORS 653.055(4) and ORS 652.200(2).

### FOURTH CLAIM FOR RELIEF

(Recordkeeping Violation; ORS 653.045; Wage Penalties Under ORS 653.055)

29.   Plaintiffs reallege all previous paragraphs is if set forth herein.

30.   Pursuant to ORS 653.045, every employer is required to maintain records showing the actual hours worked each week and each pay period by each employee.

31.   By failing to maintain records of plaintiffs' work time consisting of the period between the time that they begin work and the time that they complete their assigned duties, Defendants have violated ORS 653.045. As a result of said violation, plaintiffs are entitled to wage penalties pursuant to ORS 653.055(1)(b), plus plaintiffs' costs, disbursements, and attorneys fees pursuant to ORS 653.055(4) and ORS 652.200(2).

### FIFTH CLAIM FOR RELIEF

(Unpaid Wages, ORS 652.120)

32.   Plaintiffs reallege all previous paragraphs is if set forth herein.

33.   Defendants agreed to pay plaintiffs and the class members at various established hourly rates for all of their work time. Defendants are required under ORS 652.120 and ORS 653.010(10) and (11) to pay plaintiffs and the class members on their next regularly scheduled pay date for the period between the time they begin work and when they cease working. Plaintiffs are entitled to these unpaid wages, plus their costs, disbursements, and attorneys fees pursuant to ORS 653.055(4) and ORS 652.200(2).

### SIXTH CLAIM FOR RELIEF

Complaint -7

(Wage Penalty Claim, ORS 653.055)

34. Plaintiffs reallege all previous paragraphs is if set forth herein.

35. Defendants' failure to pay all wages on plaintiffs payday as required by ORS 652.120 and ORS 653.010, entitles plaintiffs to penalty wages pursuant to 653.055(1)(b), plus their costs, disbursements, and attorneys fees pursuant to ORS 653.055(4) and ORS 652.200(2).

### SEVENTH CLAIM FOR RELIEF

(Wage Penalty Claim, ORS 653.055)

36. Plaintiffs reallege all previous paragraphs is if set forth herein.

37. Many Plaintiffs and class members are no longer employed by Defendants. Defendants' willful failure to pay these plaintiffs all wages due at the time that their employment ceased entitles these plaintiffs to penalty wages under ORS §652.150, plus their costs, disbursements, and attorneys fees pursuant to ORS §653.055(4) and ORS §652.200(2).

### EIGHTH CLAIM FOR RELIEF

(Unlawful Deductions from Wages, O.R.S. §652.610)

38. Plaintiffs reallege all previous paragraphs is if set forth herein.

39. Defendant has withheld or deducted amounts from the paychecks of the Plaintiffs and class members in excess of the amounts that would actually benefit the Plaintiffs and the class members. Defendant has withheld or deducted amounts from the paychecks of the Plaintiffs and class members without written authorizations executed by Plaintiffs and the class members.

40. These deductions from wages in violation of O.R.S. §652.610 entitle Plaintiffs and the class members to actual damages or $200, plus their costs, disbursements, and attorneys fees pursuant to ORS §652.615.

### NINTH CLAIM FOR RELIEF

(Breach of Contract)

41. Plaintiffs reallege all previous paragraphs is if set forth herein.

42. Defendants offered and plaintiffs accepted employment with Defendants, creating a contract of employment.

43. The consideration of each contract of employment between each Defendant and each plaintiff was the payment of wages as agreed upon by Defendants and each plaintiff. Plaintiffs, by accepting and working for Defendants, have performed all conditions precedent to requiring Defendants to make payment of wages.

44. Inherent in every contract of employment are the terms and conditions of employment guaranteed by all Oregon Wage and Hour Laws.

45. Defendants breached their contracts of employment with plaintiffs by failing to pay them from the time they began working until the time they clocked out. Plaintiffs seek to recover their damages of payment of their hourly rate for all work time for which they were not paid.

### EIGHTH CLAIM FOR RELIEF

(Breach of the Duty of Good Faith and Fair Dealing)

46. Plaintiffs reallege all previous paragraphs is if set forth herein.

47. Inherent in every employment relationship is the duty of good faith and fair dealing.

48. Defendants breached their duties of good faith and fair dealing to plaintiffs by knowingly failing to deprive plaintiffs of wages to which they are entitled. Plaintiffs are entitled to the wages they are owed but were not paid.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs request a jury trial and that the Court award (1) such damages as

set forth above in unpaid wages, penalties, liquidated damages, and contract damages; (2) plaintiffs' attorneys fees and costs; (3) pre-judgment and post-judgment interest on all amounts due to plaintiffs as a result of this action; and (4) such further alternative relief in favor of plaintiffs as the Court deems appropraite.

Dated this 16 day of July, 2009.

Respectfully submitted,

DON S. WILLNER & ASSOCIATES, P.C.

*[signature]*

Don S. Willner – OSB#52114
621 S.W. Morrison, Suite 1415
Portland, Oregon 97205
Office 503.228.4000
Fax 503.273.8842


HERZFELD & PIOTROWSKI, L.L.P.
James Piotrowski – *pro hac vice*
P.O. Box 2864
824 W. Franklin
Boise, Idaho 83701
Office 208.331.9200
Fax 208.331.9201

YOUTZ & VALDEZ, P.C.
Shane Youtz – *pro hac vice*
900 Gold Ave. S.W.
Albuquerque, NM 87107
Office 505.244.1200
Fax 505.244.9700

**Attorneys for Plaintiffs**